# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 25, 2025

Lyle W. Cayce
Clerk

_____

No. 24-40830
Summary Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JERMON RODRIGUEZ CLARK,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:94-CR-1-3

_____

Before JOLLY, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Jermon Rodriguez Clark, federal prisoner # 04709-078, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his 540-month sentence for carjacking. His motion was based on Part A of Amendment 821 to the Sentencing Guidelines. The district court acknowledged that Clark was eligible for a sentence reduction, but upon

_____

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

assessing the 18 U.S.C. § 3553(a) factors, concluded that a sentence reduction was not warranted.

We review the denial of a § 3582(c)(2) motion for abuse of discretion. *See United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018); *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). Clark contends that the district court committed an error of law by failing to adequately consider (i) his youthfulness at the time of the offenses; (ii) his rehabilitation; (iii) his allegedly limited role in the carjacking offense; (iv) Amendment 829 to the Guidelines, which modified U.S.S.G. § 5H1.1, p.s. (2024); and (v) the need to avoid unwarranted sentencing disparities. However, Clark did not raise any of the foregoing arguments as reasons that warranted a sentence reduction in his § 3582(c)(2) motion, and, accordingly, he cannot show that the district court abused its discretion or made an "error of law" by failing to consider them. *See United States v. Batiste*, 980 F.3d 466, 469 (5th Cir. 2020). We recognize that Clark raised certain of these arguments in his prior compassionate release motion, but that motion was not before the district court. Moreover, because he failed to raise any of the foregoing arguments in his § 3582(c)(2) motion, we do not consider them on appeal. *See United States v. Thompson*, 984 F.3d 431, 432 n.1 (5th Cir. 2021); *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Clark also argues that the district court failed to conduct its own "contemporaneous and independent review of § 3553(a) factors" and instead relied on its prior order denying his compassionate release motion. However, nothing in the district court's order indicates that it did not reconsider the § 3553(a) factors anew in denying Clark's § 3582(c)(2) motion. *See Henderson*, 636 F.3d at 718-19. Furthermore, due to the fact that Clark failed to raise any § 3553(a) arguments in his § 3582(c)(2) motion whatsoever, the district court committed no legal error in implicitly finding

that Clark had demonstrated "no reason [for it] to deviate from its previous [§ 3553(a)] analysis" in denying Clark's compassionate release motion.

In addition, Clark argues that the district court erred by placing too much emphasis on the seriousness of the offense and the need for the sentence to promote respect for the law. *See* 18 U.S.C. § 3553(a)(2)(A). He contends that the need for a court to consider those factors "should be eliminated" where a defendant is eligible for a § 3582(c)(2) sentence reduction. Clark, however, cites no legal authority in support of this argument, and there is nothing in § 3582(c)(2) or § 3553(a) to support his argument. If anything, Clark's argument that the district court put too much emphasis on those factors—and, for that matter, his other arguments on appeal regarding the § 3553(a) factors that were not raised in his § 3582(c)(2) motion—amount to a disagreement with the district court's balancing of the § 3553(a) factors, which is insufficient to show any abuse of discretion. *See Batiste*, 980 F.3d at 479; *United States v. Evans*, 587 F.3d 667, 672-73 (5th Cir. 2009).

Clark has failed to demonstrate that the district court abused its discretion in denying his § 3582(c)(2) motion. *See Calton*, 900 F.3d at 710. Accordingly, the decision of the district court is AFFIRMED.